# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM MCAFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:12-CV-1667 CAS |
| v. ) | |
| ) | |
| ALLSTATE PROPERTY & CASUALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Allstate Property & Casualty Insurance Company's ("Allstate") Motion for Sanctions. Allstate moves that the Court impose sanctions against plaintiff including but not limited to striking plaintiff's pleadings or dismissing this action with prejudice, and for monetary relief including Allstate's attorney's fees and costs. Allstate asserts that contrary to the Court's Order of March 12, 2013 granting Allstate's Motion to Compel, plaintiff has failed to produce his Rule 26(a)(1) disclosures and discovery responses to Allstate. Plaintiff did not file a response to the Motion for Sanctions and the time to do so has passed. For the following reasons, the Court will order plaintiff to show cause why the Court should not grant Allstate's motion and impose the sanction of dismissal of this case with prejudice.

**Background**

Plaintiff filed his petition against Allstate in state court on July 25, 2012. The petition asserts claims for breach of an insurance policy for failure to pay for a fire loss and damages to property owned by plaintiff and insured by Allstate, and statutory vexatious refusal to pay under Section 375.420, Mo. Rev. Stat. (2000). Allstate removed the case to this Court on September 14, 2012, on the basis of diversity of citizenship under 28 U.S.C. § 1332.

The Court issued a Case Management Order ("CMO") on October 23, 2012. Under the CMO, the parties were ordered to make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by November 16, 2012, and to conduct all other discovery at the times and in the manner prescribed by the Federal Rules of Civil Procedure.

On January 22, 2013, Allstate filed a motion to compel which stated that plaintiff had failed to provide his Rule 26 disclosures and that the time to do so had passed. The Court denied the motion to compel without prejudice for failure to comply with Local Rule 3.04(A), because the motion did not recite that Allstate's counsel had conferred with plaintiff's counsel in person or by telephone, as opposed to through correspondence, in a good faith effort to resolve the dispute.

Allstate refiled its motion to compel on February 12, 2013. The refiled motion again stated that plaintiff had failed to provide his Rule 26 disclosures, and that Allstate served plaintiff with its First Interrogatories and Request for Production of Documents on December 5, 2012, but plaintiff had not provided any responses or objections and the response time had passed. The motion to compel stated that Allstate's counsel made three telephone calls to plaintiff's counsel, Mr. Joseph K. Robbins, in an effort to resolve the dispute, but that Mr. Robbins had not returned any of Allstate's counsel's calls. In accordance with the CMO and the undersigned's Judge's Requirements, Allstate noticed the motion for compel for hearing on the Court's discovery motion docket of March 12, 2013.

The Court held a hearing on the motion to compel on March 12, 2013. Allstate appeared for the hearing, but plaintiff's counsel did not appear despite the hearing having been properly noticed. After hearing argument from Allstate's counsel, the Court granted the motion to compel and ordered plaintiff to provide the following to Allstate by March 19, 2013: (1) plaintiff's Rule 26(a)(1) disclosures; (2) plaintiff's answers to Allstate's First Interrogatories, without objection; and (3)

documents responsive to Allstate's Request for Production of Documents, without objection. See Order of March 12, 2013 (Doc. 21).[1]

**Allstate's Motion for Sanctions**

Allstate's motion for sanctions asks the Court to strike plaintiff's pleadings or dismiss this action with prejudice, and for monetary relief including Allstate's attorney's fees and costs, pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 authorizes district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). A dismissal with prejudice is "an extreme sanction," and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 1999). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt, 203 F.3d at 527 (quoting Rodgers v. University of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000). A district court, however, need not impose the least onerous sanction

---

[1] The Order of March 12, 2013 also directed Allstate to file a verified statement of its attorney's fees and any expenses incurred in making the motion to compel, pursuant to Rule 37(a)(5)(A), Fed. R. Civ. P., by March 19, 2013, and gave plaintiff the opportunity to file any response to the statement of fees and expenses by March 26, 2013. Allstate complied with the Order but plaintiff filed no response. By Order of March 29, 2013 (Doc. 24), the Court ordered plaintiff and his attorney, Joseph K. Robbins, to each pay to Allstate the sum of One Hundred Thirty Dollars and Fifty Cents ($130.50) by April 12, 2013, as a sanction under Rule 37(a)(5)(A).

available, but rather the most appropriate under the circumstances. Id.; see also In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (the "sanction must be proportionate to the litigant's transgression."). Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." Keefer, 238 F.3d at 941.

In the instant case, an order compelling discovery is in place. See Order of March 12, 2013. It appears that plaintiff has willfully disregarded the Court's Order, as he was ordered to provide his Rule 26(a) disclosures and fully respond to Allstate's interrogatories and document requests by March 19, 2013, but has failed to do so. It also appears that Allstate has been prejudiced by plaintiff's actions. Allstate has been waiting for plaintiff's initial disclosures since November 16, 2012, a period of almost five months; and since December 2012 for plaintiff's responses to its initial discovery requests. Under the CMO, Allstate must disclose its expert witnesses by May 1, 2013, and the discovery deadline is August 31, 2013. Allstate cannot establish its defenses and prepare for trial if it does not receive initial disclosures and discovery responses from the plaintiff.

Plaintiff has the burden to prosecute this action. He has not met his discovery obligations under the CMO or responded to discovery propounded by Allstate. Filing a lawsuit and then failing to participate in discovery abuses the judicial process. Therefore, the Court is concerned about plaintiff's inaction, and his counsel's failure to respond to Allstate's efforts to resolve the discovery issues without involving the Court, to appear at the hearing on the motion to compel, or to file any response to Allstate's motions or statement of attorney's fees. Plaintiff's inaction is unreasonably delaying this proceeding and, at this point, the Court has no basis on which to conclude that imposition of monetary sanctions or some other lesser sanction will cause plaintiff to comply with its orders in the future. Under these unusual circumstances, the Court is considering the sanction of dismissal with prejudice as the only sanction that is appropriate.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff William McAfee shall show cause in writing, by **April 16, 2013**, why this case should not be dismissed with prejudice for his failure to comply with the Court's Order of March 12, 2013, and his failure to prosecute this case. Defendant Allstate shall file any reply by **April 23, 2013**.

**Plaintiff is cautioned that if he does not timely file a response to this Order, the Court will dismiss this matter with prejudice as a sanction under Rule 37 for failure to comply with the Court's Order of March 12, 2013, and for failure to prosecute this case**.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of April, 2013.