**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM MCAFEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:12-CV-1667 CAS |
| v. | ) | |
| | ) | |
| ALLSTATE PROPERTY & CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on defendant Allstate Property & Casualty Insurance Company's ("Allstate") Motion for Sanctions, plaintiff William McAfee's response to the Court's Order to Show Cause, and Allstate's Motion for Amendment of Scheduling Order.  For the following reasons, the Court will grant Allstate's motion for sanctions in part, and will grant Allstate's motion to amend the scheduling order.

**Background**

Plaintiff filed his petition against Allstate in state court on July 25, 2012.  The petition asserts claims for breach of an insurance policy for failure to pay for a fire loss and damages to property owned by plaintiff and insured by Allstate, and statutory vexatious refusal to pay under Section 375.420, Mo. Rev. Stat. (2000).  Allstate removed the case to this Court on September 14, 2012, on the basis of diversity of citizenship under 28 U.S.C. § 1332.

The Court issued a Case Management Order ("CMO") on October 23, 2012.  Under the CMO, the parties were ordered to make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by November 16, 2012, and to conduct all other discovery at the times and in the manner prescribed by the Federal Rules of Civil Procedure.

On March 12, 2013, following notice and a hearing, the Court issued an order that granted Allstate's motion to compel plaintiff's Rule 26(a)(1) disclosures and initial discovery responses, and ordered plaintiff to comply by March 19, 2013 (Doc. 21).  By separate order, following notice and an opportunity for plaintiff to respond, the Court awarded Allstate its attorney's fees incurred in making the motion to compel pursuant to Rule 37(a)(5)(A), Fed. R. Civ. P. (Doc. 24).  On March 26, 2013, Allstate filed a motion for sanctions against plaintiff including but not limited to striking plaintiff's pleadings or dismissing this action with prejudice, and for monetary relief including Allstate's attorney's fees and costs, based on plaintiff's failure to comply with the Order of March 12, 2013.  Plaintiff failed to respond to the motion for sanctions, and on April 9, 2013 the Court ordered plaintiff to show cause why it should not grant Allstate's motion and impose the sanction of dismissal of this case with prejudice (Doc. 25).

Plaintiff responded to the show cause order on April 16, 2013, stating that "e-mails from the Court to Plaintiff's counsel were redirected to a junk folder and not discovered by counsel for Plaintiff until last week," and that because of the "e-mail problem, counsel . . . was unaware of the Motion [sic] held in March, 2013 and did not receive any other contact or telephone call from counsel for Defendant."[1]  Pl.'s Response at 1.  Plaintiff further responded that he had provided all discovery responses and Rule 26 disclosures to Allstate, and that his delay in responding "was not

---

[1]Allstate's Motion to Compel stated in part that its counsel "called the Robbins Law Firm to speak with Joseph Robbins, attorney for Plaintiff, on January 24, 2013, January 31, 2013, and February 4, 2013 in an effort to resolve this discovery dispute.  To date, Plaintiff has not returned any of Defendant's phone calls."  Motion to Compel at 2 (Doc. 16).  Attached as exhibits to the Motion to Compel were letters from Allstate's counsel to plaintiff's counsel dated December 11, 2012 (asking plaintiff to produce Rule 26 disclosures that were due November 16, 2012), and January 9, 2013 (asking for responses to interrogatories and requests for production that were served on December 5, 2012).

intended with disrespect towards the Court or the Defendant and any prejudice to the Defendant has been remedied." Id.

Allstate replied that it received plaintiff's Rule 26 disclosures five months late and plaintiff's responses to its written discovery three months late, and that under the Case Management Order, Allstate's expert witnesses must be disclosed by May 1, 2013 and the discovery deadline is August 31, 2013. Allstate asserts that its ability to comply with the scheduling order has been prejudiced by plaintiff's unreasonable delay, and moves that an amended scheduling order be entered that will permit it sufficient time to prepare for trial. Allstate submitted a proposed amended scheduling order. Plaintiff did not file any response to Allstate's motion to amend the scheduling order and the time to do so has passed.

**Discussion**

Federal Rule of Civil Procedure 37(b) authorizes district courts to impose sanctions upon parties who fail to comply with discovery orders. Rule 37(b)(2) authorizes a number of potential sanctions for failure to obey an order to provide or permit discovery, including but not limited to striking pleadings in whole or in part, staying further proceedings under the order is obeyed, dismissing the action in whole or in part, or treating as contempt of court the failure to obey an order. Rule 37(b)(2)(C) provides:

> *Payment of Expenses.* Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(C), Fed. R. Civ. P.

The Court finds that plaintiff failed to comply with its Order compelling discovery of March 12, 2013. Plaintiff's delay in providing the ordered discovery was substantial and there is resulting

3

prejudice to Allstate because its ability to comply with the Case Management Order's deadlines has been impeded.  The Court finds that plaintiff's counsel was at least negligent in failing to comply with the initial disclosure deadline established by the Case Management Order issued October 23, 2012, in failing to respond to letters and telephone calls from Allstate's counsel regarding the discovery, and in failing to comply with the Order of March 12, 2013 compelling discovery.  There is no indication that plaintiff had any role in the failure to comply with the Case Management Order and the order compelling discovery.

Under the circumstances of this case, the Court finds it appropriate to order plaintiff's counsel, Mr. Joseph K. Robbins, to pay Allstate's costs and reasonable attorney's fees incurred in making its motions for sanctions and to amend the scheduling order, including preparing the proposed amended scheduling order.  See Rule 37(b)(2)(C).  The Court will grant Allstate's motion to amend the scheduling order, and finds that Allstate's prejudice is remedied by modification of the scheduling order and reimbursement of its reasonable attorney's fees.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Allstate's motion for sanctions is **GRANTED** to the extent that plaintiff's counsel Mr. Joseph K. Robbins shall pay Allstate its reasonable attorney's fees and any expenses incurred in making the motions for sanctions and for amendment of the scheduling order, and the proposed scheduling order.  [Doc. 23]

**IT IS FURTHER ORDERED** that by **May 17, 2013**, Allstate shall file a verified statement of its costs and attorney's fees incurred in making the motions for sanctions and to amend the scheduling order, and the proposed amended scheduling order, using the filing event "Response to Court."  Plaintiff may file any response to Allstate's statement of fees and expenses by **May 24, 2013**.

4

**IT IS FURTHER ORDERED** that Allstate's motion to amend the scheduling order is

**GRANTED**.  [Doc. 30]  An amended Case Management Order will issue separately.


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  8th  day of May, 2013.

5