UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MCAFEE, )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>ALLSTATE PROPERTY & CASUALTY )<br>INSURANCE COMPANY, )<br>)<br>      Defendant. ) | No. 4:12-CV-1667 CAS |

**MEMORANDUM AND ORDER**

This matter came before the Court for hearing at 2:30 p.m. on August 6, 2013, on defendant Allstate Property & Casualty Insurance Company's ("Allstate") Motion for Sanctions. Allstate's motion seeks the imposition of sanctions against plaintiff including but not limited to striking plaintiff's pleadings or dismissing this action with prejudice, and for monetary relief including Allstate's attorney's fees and costs, based on the alleged failure of plaintiff's counsel Mr. Joseph K. Robbins to comply with the Court's Order of May 28, 2013 (Doc. 35). Plaintiff did not file a response to the Motion for Sanctions and the time to do so has passed.

Allstate's counsel appeared at the hearing but plaintiff's attorney Mr. Robbins did not. Shortly before 3:00 p.m., almost thirty minutes after the time set for the hearing, the Court asked the courtroom deputy, Mr. Jeffrey Jones, to call Mr. Robbins' law office. Mr. Jones spoke with Mr. Robbins' receptionist, Kathy, and reported to the Court that Kathy said Mr. Robbins was meeting with a client, but she would interrupt the meeting. Mr. Jones then spoke with Mr. Robbins, and informed Mr. Robbins that he was expected in court at 2:30 p.m.. Mr. Jones reported that Mr. Robbins said he had the hearing on the wrong day on his calendar, and asked what his options were. At that point, Mr. Jones asked the Court what Mr. Robbins' options were and the Court said it

intended to proceed with the hearing, with or without Mr. Robbins.  Mr. Jones stated this to Mr. Robbins and reported that Mr. Robbins responded that he was not going to make an attempt to attend the hearing.

**Background**

This is a removed diversity case.  Plaintiff asserts claims of breach of contract and statutory vexatious refusal to pay under an insurance policy, for a fire loss that occurred on May 31, 2009.  The Notice of Removal was filed in September 2012, and a Case Management Order ("CMO") was issued on October 23, 2012 (Doc. 10).  Under the CMO, initial disclosures were due on November 16, 2012.

In February 2013, Allstate moved to compel production of plaintiff's initial disclosures and discovery responses, which were three month overdue.  The motion was properly noticed for hearing. On March 12, 2013, after a hearing at which plaintiff's counsel Mr. Joseph K. Robbins did not appear, the Court granted the motion to compel and also awarded Allstate its attorneys' fees incurred in filing the motion to compel.  See Order of March 12, 2013 (Doc. 21).  Allstate filed its verified statement of attorneys' fees incurred, and plaintiff did not file any response.  By subsequent order, the Court ordered plaintiff and Mr. Robbins to each pay Allstate the sum of $130.50, for a total attorneys' fee sanction under Rule 37(a)(5)(A) of $261.00.  See Order of March 29, 2013 (Doc. 24).

On March 26, 2013, Allstate moved to dismiss the case as a sanction when plaintiff did not comply with the order granting the motion to compel.  In compliance with this Court's local rule requiring a statement of counsel's good faith attempt to resolve the discovery dispute prior to filing a motion to compel, Allstate's motion to compel stated that its counsel sent two letters to plaintiff's counsel seeking to obtain the Rule 26 disclosures, on December 11, 2012 and January 9, 2013, to

which there was no response, and called the Robbins Law Firm seeking to speak to Mr. Robbins on three occasions, on January 24, 2013, January 31, 2013, and February 4, 2013, but none of the calls were returned.

Plaintiff did not respond to the motion to dismiss and on April 9, 2013, the Court ordered plaintiff to show cause in writing why the case should not be dismissed. See Mem. and Order of April 9, 2013 (Doc. 25). On April 12, 2013, Mr. Robbins filed a "Notice of Compliance" which stated that plaintiff had produced the discovery and paid the attorney's fee award. On April 16, 2013, plaintiff filed a response to the show cause order which stated that all discovery responses and Rule 26 disclosures had been provided, and offered the explanation, "That e-mails from the Court to Plaintiff's counsel were redirected to a junk folder and not discovered by counsel for Plaintiff until last week. This has been remedied." Pl.'s Response to Show Cause Order at 1, ¶ 1 (Doc. 27). Plaintiff further stated, "That because of the e-mail problem, counsel for Plaintiff was unaware of the Motion held in March, 2013 and did not receive any other contact or telephone call from counsel for Defendant." Id. at 1, ¶ 5.

Based on this response, the Court granted Allstate's denied motion to dismiss plaintiff's case as a sanction but granted the motion for sanctions to the extent that it ordered Mr. Robbins to pay Allstate's attorneys' fees incurred in making the motion for sanctions, because it determined that Mr. Robbins was responsible for plaintiff's failure to comply with the Court's Order compelling discovery of March 12, 2013. The Court directed Allstate to submit its fee statement, and determined that it was necessary to modify the Case Management Order - including the trial date - as a result of plaintiff's late disclosures. See Mem. and Order of May 8, 2013 (Doc. 31). Allstate submitted its verified statement of attorneys' fees, to which no response was filed by plaintiff. The

Court ordered Mr. Robbins to pay Allstate $565.50 for its attorneys' fees by June 28, 2013. See Order of May 28, 2013 (Doc. 35).

On July 12, 2013, Allstate filed the instant motion for sanctions, stating that Mr. Robbins had not paid its attorneys' fees as ordered on May 28, 2013. Plaintiff did not file a response to the motion. Allstate moves that plaintiff's pleadings be stricken or the case dismissed with prejudice, and for its attorneys' fees. On July 30, 2013, the Court issued an order directing (1) plaintiff to show cause why sanctions should not be imposed against him as requested by Allstate based on counsel's failure to comply with the Court's Order of May 28, 2013, and (2) Mr. Robbins to show cause why he should not be held in contempt of court, on the Court's own motion, for failure to comply with the Court's Order of May 28, 2013. The Court set the matter for hearing on August 6, 2013, at 2:30 p.m. The show cause order was mailed to Mr. Robbins by regular mail and certified mail, return receipt requested, in addition to being served by CM/ECF, and Mr. Robbins was ordered to provide a copy of the order to his client, plaintiff McAfee, prior to the hearing date. Plaintiff was not, however, ordered to appear in person at the hearing.

**Discussion**

Although it is Mr. Robbins, plaintiff's attorney, who is alleged to have failed to comply with the Court's Order, Allstate seeks the imposition of sanctions against the plaintiff. The Supreme Court has stated that "clients must be held accountable for the acts or omissions of their attorneys." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 396 (1993). "It is a well-established principle that a party is responsible for the actions and conduct of his counsel and that, under appropriate circumstances, dismissal or default may be entered against a party as a result of counsel's actions." Boogaerts v. Bank of Bradley, 961 F.2d 765, 768 (8th Cir. 1992). "A litigant chooses counsel at his peril. Counsel's disregard of his professional responsibilities can lead to

4

extinction of his client's claims." Id.  The Court notes that it ordered Mr. Robbins to provide his client with a copy of the order to show cause prior to the hearing date, and therefore plaintiff William McAfee should have been on notice of the show cause hearing and the reasons therefor.

After careful consideration, the Court finds that although dismissal is a severe sanction, dismissal of plaintiff's case for failure to comply with the Court's order is the only appropriate sanction that can be imposed under the circumstances of this case.  The history of plaintiff's failure to comply with the Court's orders is set forth above, beginning with his obligation under the Case Management Order to produce initial disclosures.  The Court previously issued an order requiring the payment of attorneys' fees based on plaintiff's failure to provide discovery.  Nonetheless, plaintiff's counsel has directly disobeyed and failed to comply with the Court's subsequent orders, including that he pay Allstate's attorneys' fees in the amount of $565.50, and that he appear at the show cause hearing set for August 6, 2013 to explain his failure to comply with the Court's prior order.

The Court finds that Mr. Robbins' excuses for failure to comply with its orders, i.e., that the Court's emails were directed to the junk folder of his computer, and that he erred in calendaring the date of the show cause hearing, are not credible and are not worthy of belief.  The Court also notes that Mr. Robbins declined to come to the hearing when contacted by the Court's deputy clerk, although his office is located at 906 Olive Street in St. Louis, only a few blocks from the federal courthouse.  The Court finds that Mr. Robbins' actions were willful and evidence bad faith in the pretrial process and a conscious disregard of the Court's orders.  In addition, Mr. Robbins' repeated failure and refusal to appear at hearings scheduled in this case, his failure to respond to motions and Court orders, and his repeated assertions that he has not received communications from the Court

5

and from opposing counsel, limit the Court's ability to control this case and enforce its orders. Under these circumstances, Mr. Robbins' actions may be attributed to the plaintiff.

For these reasons, the Court acting pursuant to its inherent authority will grant defendant Allstate's Motions for Sanctions by dismissing this case with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Allstate Property & Casualty Insurance Company's Motion for Sanctions is **GRANTED**.  [Doc. 36]

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**.

An order of dismissal will accompany this Memorandum and Order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   6th   day of August, 2013.